IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10465
Conference Calendar
_____

SAUREZ ANDERSON,

                                    Plaintiff-Appellant,

versus

LINDA D. HALES,

                                    Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:94-CV-350
- - - - - - - - - -
August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Saurez Anderson, a Texas state prisoner, filed a civil
rights complaint against Linda D. Hales pursuant to 42 U.S.C.
§ 1983 alleging that, after his watch had been stolen by another
inmate, recovered, and placed in the property room, Hales refused
to return his watch to him.  The district court dismissed his
complaint as frivolous pursuant to 28 U.S.C. § 1915(d).  Anderson

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

argues that the district court abused its discretion by dismissing his complaint as frivolous.

"The Due Process Clause is not implicated by a state official's negligent act causing unintended loss of property," and even the intentional deprivation of an inmate's property does not raise a constitutional claim if an adequate post-deprivation remedy exists.  Simmons v. Poppell, 837 F.2d 1243, 1244 (5th Cir. 1988) (citing Daniels v. Williams, 474 U.S. 327 (1986), and Hudson v. Palmer, 468 U.S. 517 (1984)).  Anderson has a right of action under Texas law for any alleged negligent or intentional deprivation of property.  See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir.), cert. denied, 464 U.S. 897 (1983); Myers v. Adams, 728 S.W.2d 771, 772 (Tex. 1987).

Further, contrary to his argument on appeal, Anderson has not demonstrated that he has suffered "a violation of a substantive right protected by the Constitution against infringement by state governments."  See Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984).  Anderson's allegation that Hales, the property officer at the prison, wrongfully confiscated his personal property, does not state a Fourth Amendment violation. The district court did not abuse its discretion by dismissing Anderson's complaint as frivolous.  Anderson is warned that the filing of further frivolous suits in this court could result in the imposition of sanctions.  See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991).

AFFIRMED.